IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEONARD TSOSIE,

                 Plaintiff,

    vs.                                    CIVIL NO.  02-1575 LFG/LAM

CLIFF WASHBURN, an officer
of the Farmington Police
Department, in his individual
capacity,

                 Defendant.

## FINDINGS OF FACT
## AND CONCLUSION OF LAW
## APPROVING SETTLEMENT

THIS MATTER is before the Court on an application for approval of a settlement between Plaintiff Leonard Tsosie ("Tsosie") and Defendant Cliff Washburn ("Washburn").  Court approval is necessary because subsequent to filing suit in this action, Tsosie was deemed incompetent by a court of general jurisdiction and his mother, Lucy Tsosie, was named as his guardian and conservator. The general rule is that a court must give approval to a settlement when a minor child or person suffering from a legal disability is involved.  The Court "has a special obligation to see that (children and disabled) are properly represented, not only by their own representatives, but also by the court itself." Garcia v. Middle Rio Grande Conservancy Dist., 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App.), *cert. denied*, 99 N.M. 740 (1983), *overruled on other grounds by* Montoya v. Akal Security, Inc., 114 N.M. 354, 357, 838 P.2d 971, 974 (1992).

Having heard the presentations of counsel and the testimony of Lucy Tsosie presented at a hearing on March 10, 2004, the Court finds:

1.  On December 16, 2002, Tsosie filed suit against Washburn pursuant to 42 U.S.C. § 1983 and the New Mexico Tort Claims Act.  Tsosie claimed that Washburn violated his constitutionally protected rights by the excessive use of force and by seizing and arresting him without probable cause.

2.  Washburn denied the allegations and asserted several affirmative defenses, including the defense of qualified immunity.

3.  Subsequent to filing suit, Tsosie's mother, Lucy Tsosie, applied for and was granted status as his guardian and conservator in an order issued by a court of general jurisdiction.

4.  It is undisputed that Tsosie suffers a physical and mental disability.  The cause of Tsosie's condition was significantly in dispute.

5.  Tsosie's counsel anticipated being able to secure a medical opinion from a neurosurgeon who could state within a reasonable probability that Tsosie's present condition was proximately caused by the injury suffered on May 1, 2000.  However, an examination of medical records indicated that Tsosie had pre-existing conditions, perhaps traumatic in origin or caused by alcohol abuse which may have caused or contributed to the cause of his condition.  Indeed, discovery demonstrated that Tsosie experienced seizures prior to the May 2000 incident that were the same or similar to the seizures experienced subsequent to the incident.

6.  Defense counsel secured an expert opinion that raised significant questions concerning whether the bio-mechanics of the incident could have caused the injury or could have caused the condition which Tsosie attributes to the altercation.

7.  The Court denied Defendant's motion for summary judgment finding that there were significant factual issues in dispute.  As a result of the Court's denial of summary judgment, the parties engaged in good-faith settlement discussions.

8.  Prior to tendering a settlement offer to Defendant, Tsosie's counsel met with Lucy Tsosie and English-speaking members of the family.  They evaluated the strength and weakness of the case and the benefits of a settlement.  They advised Mrs. Tsosie of her right to proceed to trial and of her right to settle the case.  Given the risk attendant to the trial, including factors relating to Tsosie's background, criminal history and difficulties with alcoholism, counsel recommended the pursuit of settlement discussions.  Lucy Tsosie authorized her attorneys to proceed with settlement discussions.

9.  After Washburn responded to Tsosie's settlement offer, Tsosie's counsel again met with Lucy Tsosie, and with the use of a state certified Navajo interpreter, explained the proposed settlement, discussed the benefits of settlement and the risks of trial, and the fact that settlement monies were to be used for Leonard Tsosie's benefit.  Lucy Tsosie agreed to settle the claims for $75,000.

10.  At the fairness hearing conducted March 10, 2004, Lucy Tsosie, assisted by the federal court's certified Navajo interpreter, was sworn and testified that she participated in settlement negotiations through her attorney.  She stated that she was not under the influence of medications, alcohol, drugs or any other substance that would affect her ability to understand the proceedings, either at the time of the settlement discussions or at the time of the hearing.

11.  Lucy Tsosie testified that she understood she had no obligation to settle the case and could elect to proceed to trial if she so chose.  She also understood that the trial might result in an award greater than that for which she and Washburn was settling, but also acknowledged that a trial could result in lower damages or even a defense verdict.

12.  Lucy Tsosie understood that if she agreed to the settlement, the terms of the settlement were final as to the claims raised in the lawsuit and other claims which could have been raised against Washburn or others arising from the incidents in questions, and that there would be no opportunity

3

to open the litigation to seek more money or to file new claims against Washburn.

13.   Lucy Tsosie testified that she understood the proceeds of the settlement are intended for the benefit of her son Leonard Tsosie, and that while she would manage the funds, they would not be spent for other purposes other than his needs.

14.   The Court authorized Lucy Tsosie to reimburse herself for amounts of money which she advanced for Tsosie's expenses and care.

15.   Lucy Tsosie and her attorneys have met with an investment advisor to ensure that the funds are properly invested and available for Tsosie's needs.  Lucy Tsosie and her attorneys have taken adequate steps to oversee management of the funds, and her attorneys have advised her that the funds may be used only for Tsosie's benefit in accord with Leyba v. Whitley, 118 N.M. 435, 882 P.2d 26 (Ct. App.), *cert. denied*, 118 N.M. 430 (1994) *reversed on other grounds*, 120 N.M. 768, 907 P.2d 172 (1995).

16.   Lucy Tsosie testified that her attorneys evaluated the strengths and weaknesses of the case.  She stated that she is pleased with the representation she received from her attorneys, and believes that the settlement is fair and reasonable.  She asked the Court to approve the settlement.

17.   Even though Tsosie's counsel's retention agreement provides for one-third of the settlement, plus gross receipts tax and reimbursement of costs of litigation, Tsosie's counsel agreed to waive any claim for gross receipts tax or costs reimbursement so as to maximize the recovery for Leonard Tsosie.  Accordingly, Tsosie's counsel will receive $25,000 from the settlement amount and Lucy Tsosie on behalf of Leonard Tsosie will receive the remaining $50,000.

18.   The Court finds that this settlement was facilitated by the willingness of Tsosie's attorneys to absorb costs and take a reduced fee, thus providing for a larger portion of the recovery that will be directly available for Leonard Tsosie's needs.

19.  The Court also finds that the City of Farmington has acted in good faith and sought to find a way to assist Tsosie by settling this case even though both liability and damages were significantly in dispute.

20.  The Court commends the parties and especially all counsel for their cooperation in this regard.

**<u>Conclusion of Law</u>**

After consideration of the evidence, applicable law, testimony and presentations of counsel, the Court concludes that it has jurisdiction over the parties and subject matter; and further concludes that this settlement is in Leonard Tsosie's best interests, and that his mother, guardian and conservator understands her obligations and is an appropriate person to manage the settlement proceeds.

Finally, the Court determines that under the facts and circumstances attendant to this claim, the settlement is fair and reasonable, and therefore approves the parties' settlement and authorizes the parties to submit a stipulation of dismissal.

Lorenzo F. Garcia
Chief United States Magistrate Judge